**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**SUSAN D. WIGENTON**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING COURTHOUSE
50 WALNUT ST.
NEWARK, NJ 07101
973-645-5903

December 13, 2024

Yonatan Bernstein
Rivkin Radler LLP
926 RXR Plaza
Uniondale, NY 11553
Attorney for Plaintiffs

Gene Y. Kang
Rivkin Radler LLP
25 Main Street, Suite 501
Court Plaza North
Hackensack, NJ 07601
Attorney for Plaintiffs

Keith J. Roberts
Shannon M. Carroll
Susan L. Schulman
Brach Eichler LLC
101 Eisenhower Parkway
Roseland, NJ 07068
Attorneys for Defendants Mount Prospect Chiropractic Center, P.A. and Terry McSweeney, D.C.

Damian P. Conforti
Peter Sepulveda
Andrew Gimigliano
Brian Matthew Block
Mohamed Nabulsi
Mandelbaum Barrett PC
3 Becker Farm Road, Suite 105
Roseland, NJ 07068
Attorneys for Defendants Hassan Medical Pain Relief and Wellness Center LLC and Shady Hassan, M.D.

**LETTER OPINION FILED WITH THE CLERK OF THE COURT**

Re:   ***Government Employees Insurance Co., et al. v. Mount Prospect Chiropractic Center, P.A., et al.***
      **Civil Action No. 22-737 (SDW) (JSA)**

Counsel:

Before this Court are Plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company, and GEICO Casualty Co.'s (together "GEICO") motion to reopen this case as to Defendants Mount Prospect Chiropractic Center, P.A. and Terry McSweeney, D.C. (together the "Mount Prospect Defendants") (D.E. 96) and the Mount Prospect Defendants' motion to compel arbitration (D.E. 99 (the "Motion")). For the reasons stated herein, GEICO's motion is **GRANTED IN PART**, and the Mount Prospect Defendants' Motion is **GRANTED**.

**BACKGROUND & PROCEDURAL HISTORY**

The parties are presumed to be familiar with this case and may refer to the opinion by former District Judge John Michael Vazquez dated February 17, 2023 for a more detailed summary of the background. (D.E. 56.) In short, GEICO initiated this lawsuit against Hassan Medical Pain Relief and Wellness Center LLC, Shady Hassan, M.D. (together the "Hassan Defendants"), and the Mount Prospect Defendants for submitting fraudulent insurance charges to GEICO. (D.E. 1 ¶ 1.) GEICO sought a declaratory judgment and damages, alleging that Defendants violated the New Jersey Insurance Fraud Prevention Act ("IFPA"), committed common law fraud, and were unjustly enriched. (*Id.* ¶¶ 471–79, 487–503, 511–23.) GEICO also alleged that Defendants McSweeney and Hassan violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"). (*Id.* ¶¶ 480–86; 504–10.) The Mount Prospect Defendants answered the complaint on May 16, 2022 (D.E. 16), and the Hassan Defendants answered on July 29, 2022 (D.E. 24).

The Hassan Defendants moved to compel arbitration on September 21, 2022 pursuant to both the Federal Arbitration Act, 9 U.S.C. § 1 et seq. ("FAA") and N.J. Stat. Ann. § 39:6A-5.1(a) ("No Fault Law"). (D.E. 33.) That motion was initially granted in part and denied in part. (D.E. 56.) It was granted with respect to the non-IFPA claims pursuant to the FAA. (*Id.* at 11–14.) Those claims were arbitrable because, as required under the FAA, GEICO and the Hassan Defendants formed an arbitration agreement—GEICO's Decision Point Review Plan and Precertification Requirements (DPRP)—out of which the claims arose. (*Id.*) Before arbitration was ordered as to the non-IFPA claims, however, GEICO was granted leave to amend the complaint to clarify its arguments regarding the invalidity of the arbitration agreement. (*Id.* at 14.) The Hassan Defendants' motion was initially denied as to the IFPA claim on the grounds that "existing case law" exempted IFPA claims from arbitration under the FAA and the No Fault Law. (*Id.* at 14–17 ("[T]he weight of authority … finds that IFPA claims are not subject to arbitration under the No-Fault Laws or contractual agreements.").)

The Hassan Defendants appealed, and the Third Circuit reversed. (D.E. 93-2.) It held that the IFPA claim should be compelled to arbitration pursuant to both the FAA and the No Fault Law, and that GEICO should not have been granted leave to amend the complaint. (*Id.* at 11–17.) Pursuant to the Third Circuit's decision, the Hassan Defendants' motion to compel arbitration was granted in full on May 20, 2024, and this case was administratively terminated for arbitration. (D.E. 95.)

On May 22, 2024, GEICO moved to reopen the case with respect to the Mount Prospect Defendants, pointing out that the Mount Prospect Defendants never moved to compel arbitration. (D.E. 96 at 1.) The Mount Prospect Defendants did not oppose, but instead requested a stay of discovery (D.E. 97) and moved to compel arbitration pursuant to Federal Rules of Civil Procedure ("Rules") 12(b)(1) and 12(b)(6) (D.E. 99). That Motion for arbitration is presently before this Court.

**STANDARD OF REVIEW**

"The FAA federalizes arbitration law and 'creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate[.]'" *John Hancock Mut. Life Ins. Co. v. Olick*, 151 F.3d 132, 136 (3d Cir. 1998) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32 (1983)). Courts may compel arbitration "upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue." 9 U.S.C. § 4. Additionally, parties may "apply to a federal court for a stay of the trial of an action 'upon any issue referable to arbitration under an agreement in writing for such arbitration.'" *Rent-A-Center, W., Inc. v. Jackson*, 561 U.S. 63, 68 (2010) (quoting 9 U.S.C. § 3).

When deciding a motion to compel arbitration, a court must ascertain whether "(1) a valid agreement to arbitrate exists, and (2) the particular dispute falls within the scope of that agreement." *Aetrex Worldwide, Inc. v. Sourcing for You Ltd.*, 555 F. App'x 153, 154 (3d Cir. 2014) (quoting *Kirleis v. Dickie, McCamey & Chilcote, P.C.*, 560 F.3d 156, 160 (3d Cir. 2009)). To conduct this inquiry, the court shall apply "ordinary state-law principles that govern the formation of contracts." *Kirleis*, 560 F.3d at 160 (quoting *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)).

**DISCUSSION**

GEICO's claims against the Mount Prospect Defendants are similar to those against the Hassan Defendants, which have already been compelled to arbitration in full. (D.E. 56; D.E. 95.) This Court will evaluate the applicability of those prior rulings to the claims against the Mount Prospect Defendants and then assess GEICO's objections to arbitrability.

3

### a. **Applicability of Prior Rulings**

For all relevant purposes, GEICO's claims against the Hassan Defendants do not differ from those against the Mount Prospect Defendants. GEICO does not object to The Mount Prospect Defendants' statements that the claims against each set of Defendants are "indistinguishable" and "substantively identical," that they all "fall within the scope of the arbitration agreements," and that both sets of Defendants "rely on [the same agreements with GEICO] to assign benefits and validly form arbitration agreements which cover the claims at issue." (D.E. 99-1 at 3–4, 7, 9.)

It is well established that all of GEICO's claims against the Hassan Defendants are arbitrable. The non-IFPA claims are arbitrable under the FAA because GEICO's DPRP is a valid arbitration agreement under which the claims arose. (D.E. 56 at 11, 13–14 (declining to decide on No Fault Law).) GEICO's argument that an arbitration agreement had not been formed was insufficient to place the agreement in issue. (*Id.* at 11–12.) The RICO, common law fraud, and unjust enrichment claims against the Hassan Defendants were therefore compelled to arbitration.[1] (*Id.* at 13–14.)

The IFPA claims against the Hassan Defendants were also found arbitrable, under both the FAA and the No Fault Law. (D.E. 93-2 at 11–15.) The Third Circuit explained, in a precedential opinion, that the IFPA claims against the Hassan Defendants were arbitrable because they fell under the No Fault Law's plain text. (*Id.* at 12.) Alternatively, the IFPA claims were arbitrable under the FAA: GEICO's DPRP and assignment of benefits form "facially suggest that [Defendants] entered into an arbitration agreement with GEICO," which GEICO could not call into question, and which covered the claims. (*Id.* at 13–15.)

Because of the identity of the sets of claims, the Mount Prospect Defendants have established, as an initial matter, that the claims against them are arbitrable. Both sets of claims rely on the same documents, including the DPRP, which allowed for arbitration under the FAA (D.E. 56 at 11–14 (non-IFPA claims); D.E. 93-2 at 12–15 (IFPA claims).) Consistent with the Third Circuit's opinion, the IFPA claims against the Mount Prospect Defendants are also arbitrable under the No Fault Law. (D.E. 93-2 at 11–12.) GEICO raises objections to arbitrability at this stage, however, which must be addressed before the claims against the Mount Prospect Defendants can be compelled to arbitration.

### b. **GEICO's Objections**

GEICO argues that the Motion should be denied on three separate grounds: that the parties did not reach an arbitration agreement, that the Mount Prospect Defendants have waived any right to seek arbitration, and that the Motion is procedurally improper. (D.E. 100 at 6–18.)

---

[1] The arbitrability of the non-IFPA claims was not appealed.

4

### 1. Valid Arbitration Agreement

GEICO argues that its claims against the Mount Prospect Defendants are not arbitrable because the Mount Prospect Defendants have not demonstrated the existence of a valid arbitration agreement, as required under the FAA.  (*Id.* at 13–16 ("[T]he Mount Prospect Defendants … cannot … demonstrate that they are parties to … any valid arbitration agreement with GEICO.").)  GEICO offers two independent reasons why it did not enter into a valid arbitration agreement with the Mount Prospect Defendants: the Mount Prospect Defendants did not show a valid assignment of benefits, and they did not comply with other procedural requirements imposed by the DPRP.

### A. Assignment of Benefits

According to GEICO, healthcare providers can invoke the DPRP's arbitration provisions only when they have valid assignments of benefits from the insureds.  (D.E. 100 at 14–15.)  Under the DPRP, the only valid assignment of benefits is the Conditional Assignment of Benefits ("CAOB"), a specific form which the Mount Prospect Defendants allegedly have not produced.  (*Id.*)

GEICO made this same argument—nearly verbatim—in opposition to the Hassan Defendants' motion to compel arbitration.  (D.E. 35 at 15–16.)  It was insufficient to "place the agreement to arbitrate in issue."  (D.E. 56 at 12–13 & n.11.)  GEICO acknowledges as much in its opposition to this Motion but insists that the argument should still be considered, as GEICO was granted leave to amend its complaint to clarify this argument.  (D.E. 100 at 15.)  GEICO neglects to point out that the Third Circuit not only held that the leave to amend was granted in error (D.E. 93-2 at 16), but also decisively rejected the underlying argument (*id.* at 13–14 (analyzing GEICO's argument that Defendants "did not submit 'valid' assignments of benefits for 'each of their claims'")).  Particularly because GEICO had already paid the healthcare providers, the Third Circuit found that GEICO's attempt to invalidate the agreement "lack[ed] 'facial plausibility'" and was insufficient to put contract formation in issue.  (*Id.* at 14.)

The same is true here.  GEICO paid the relevant claims and has not offered any additional facts to put contract formation in issue.  As the Third Circuit noted, contract formation can be questioned in circumstances that suggest one party did not actually enter into the contract under relevant state law.  (*Id.*)  For example, contract formation can be questioned if one party never saw the agreement, *Guidotti v. Legal Helpers Debt Resol., L.L.C.*, 716 F.3d 764, 778–79 (3d Cir. 2013), or never consented to it, *Kirleis*, 560 F.3d at 165, or if the agreement was fraudulently executed, *MZM Constr. Co., Inc. v. New Jersey Bldg. Laborers Statewide Benefit Funds*, 974 F.3d 386, 407 (3d Cir. 2020); *see also Conte v. Shear*, No. 3:20-CV-16458 (BRM) (TJB), 2021 WL 11721659, at *5 (D.N.J. June 24, 2021) (collecting cases).  The circumstances here are clearly different— GEICO not only drafted the DPRP itself, but it had already paid the Mount Prospect Defendants pursuant to it.  (*See* D.E. 93-2 at 15.)  Its argument now, that no agreement was ever reached, is not credible.  GEICO also cites no cases demonstrating that one party's failure to comply with a contract's procedural requirement calls the contract's existence into doubt under state law.  As

5

before, the Defendants' alleged failure to provide valid assignments of benefits is insufficient to place contract formation in issue here.

### B. The DPRP's Additional Procedural Requirements

GEICO raises a related argument that appears unique to this Motion. It asserts that the Mount Prospect Defendants have not complied with the DPRP's "<u>additional</u> requirements [imposed] before a healthcare provider can invoke its arbitration provisions," including "full[] compli[ance] with all aspects of [the DPRP]," such as using GEICO's "Internal Appeal Process, prior to filing any claim or action in dispute resolution." (D.E. 100 at 16.) This argument resembles the assignment of benefits argument—at bottom, GEICO asserts that because Defendants did not comply with the agreement in some way, the agreement was never formed. As with the assignment of benefits argument, this logic is not sound. GEICO drafted the DPRP and made payments thereunder; Defendants' failure to comply with the agreement's procedural requirements simply does not negate GEICO's understanding of or entry into the agreement. Nor does it come close to the circumstances in which contract formation has been called into question. *See Guidotti*, 716 F.3d at 778–79; *Kirleis*, 560 F.3d at 156; *MZM Constr. Co.*, 974 F.3d at 407.

GEICO also fails to explain how Defendants could or should have complied with the DPRP's internal appeal process "prior to filing any claim or action in dispute resolution" when *GEICO* was the party to initiate this lawsuit in federal court. (D.E. 100 at 16.) GEICO seeks, through this as well its other arguments regarding the DPRP, to avoid the arbitration provisions but enforce other procedural requirements. It is not clear how doing so would establish that the DPRP is not a valid arbitration agreement.

### 2. Waiver

Next, GEICO argues that because the Mount Prospect Defendants actively litigated this matter for years before moving to compel arbitration, they have waived their right do so. (*Id.* at 6.) The Mount Prospect Defendants argue that, before the Third Circuit's opinion in this matter, they reasonably expected that IFPA claims would not be arbitrable. (D.E. 99-1 at 10–11.) To avoid splitting the matter into two forums, they waited to seek arbitration until the Third Circuit held that both the IFPA and non-IFPA claims were arbitrable. (*Id.*)

When deciding whether a party waived its right to move for arbitration, courts must "hold a party to its arbitration contract just as the court would to any other kind[, b]ut … not devise novel rules to favor arbitration over litigation." *White v. Samsung Elecs. Am., Inc.*, 61 F.4th 334, 339 (3d Cir. 2023) (alteration in original) (quoting *Morgan v. Sundance, Inc.*, 596 U.S. 411, 418 (2022)). Accordingly, "waiver occurs where a party has 'intentional[ly] relinquish[ed] or abandon[ed] … a known right." *Id.* (alteration in original) (quoting *Morgan*, 596 U.S. at 417). To determine whether a party has done so, "a 'court focuses on the actions of the p[arty] who held the right' and is informed by the 'circumstances and context of each case.'" *Id.* (alteration in original) (quoting *Morgan*, 596 U.S. at 417 and *Gray Holdco, Inc. v. Cassady*, 654 F.3d 444, 451 (3d Cir. 2011)).

6

In *White*, Samsung waived its right to move for arbitration by "pursu[ing] dismissal on the merits through litigation" for over a year after it "should have known definitively that plaintiffs had agreed to arbitrate." *Id.* at 341. It made no difference that, when Samsung gained that definitive knowledge, the case had been ongoing for over a year and discovery was stayed. Appellant's Br., *White v. Samsung*, No. 22-1162, 2022 WL 1266193, at *28 (Apr. 25, 2022) (arguing that moving for arbitration would have been futile because Samsung did not know of arbitrability of claims before November 2018).

GEICO argues that this case is like *White*, and others, in which parties waived their right to arbitration by extensively litigating before moving for arbitration. (D.E. 100 at 7–8 (citing cases).) In three out of the five cases that GEICO relies on, the party seeking arbitration had moved to dismiss on the merits before moving to compel arbitration. *See White*, 61 F.4th at 340; *J. Ambrogi Food Distrib., Inc. v. Teamsters Loc. Union No. 929*, 705 F. Supp. 3d 406, 411–12 (E.D. Pa. 2023); *Laguna v. Chester Hous. Auth.*, 662 F. Supp. 3d 545, 545 (E.D. Pa. 2023). In none did the party seeking arbitration offer a sufficiently reasonable explanation for its delay. *White*, 61 F.4th at 341 (rejecting excuse that arbitration would have been futile); *Tucker v. Concrete*, No. CV 22-1026 (MAS) (DEA), 2024 WL 1485992 (D.N.J. Apr. 5, 2024) (finding waiver when eighteen month delay was unexplained); *J. Ambrogi*, 705 F. Supp. at 416 (finding waiver when defendant "provide[d] no explanation as to why it did not seek to compel arbitration" before summary judgment); *Laguna*, 662 F. Supp. at 548 (rejecting as "makeweight" the argument that discovery was necessary before seeking arbitration); *Coronel v. Bank of Am.*, No. 19-CV-8492 (ES) (MAH), 2022 WL 3443985, at *5 (D.N.J. Aug. 17, 2022) (finding waiver when defendant waited eighteen months, "without excuse," to seek arbitration).

The instant case bears some similarities to GEICO's cited cases. The Mount Prospect Defendants have engaged in quite a bit of litigation. They extended their time to answer the complaint (D.E. 15) and participated in several court conferences (D.E. 22; D.E. 42; D.E. 74; D.E. 79; D.E. 83; D.E. 88) and extensive discovery.[2] Nor was their intent to litigate merely implied—they stated, in two separate letters to the Court, that they planned to challenge on the merits. (D.E. 21 at 2 ("[T]he Mount Prospect Defendants will ultimately be seeking dismissal of the Complaint … because none of the services provided by the Mount Prospect Defendants were fraudulent."); D.E. 23 at 2 (same)).

The key difference between GEICO's cited cases and this one, however, is that the Mount Prospect Defendants offer a reasonable explanation for their delay: the intervening change in law

---

[2] The Mount Prospect Defendants submitted joint proposed discovery orders (D.E. 25; D.E. 27), served interrogatories, requests for production, and a deposition notice (D.E. 31; D.E. 72), responded to GEICO's discovery requests (D.E. 41), sought at least three extensions of discovery deadlines (D.E. 44; D.E. 50; D.E. 72), and "extensive[ly] conferr[ed]" with GEICO regarding discovery disputes (D.E. 69 at 1; *see also* D.E. 62 at 1 ("Parties are actively meeting and conferring"); D.E. 75 at 1; D.E. 77 at 1 ("parties engaged in a lengthy meet and confer process"); D.E. 78 at 2). Before the Mount Prospect Defendants filed their motion to compel arbitration, discovery was substantially complete. (D.E. 81 at 1.)

7

brought about by the Third Circuit's ruling in this matter.  Initially, they believed that a motion to compel arbitration would be denied as to the IFPA claims, and they wanted to avoid splitting the case into different forums.  Their expectation was reasonable given the then-available case law[3] and the fact that the District Court indeed partially denied the Hassan Defendants' motion to compel arbitration.  (D.E. 56.)  Only after the Third Circuit ruled that the Hassan Defendants' IFPA claims were arbitrable did the Mount Prospect Defendants reasonably understand that all of their claims could be arbitrable as well.  They then promptly—even before the Third Circuit issued its full opinion—acted consistently with their desire to seek arbitration.  (*See* D.E. 91 at 3 (requesting leave to seek arbitration).)[4]

GEICO also argues that the Mount Prospect Defendants waived their right to seek arbitration by failing to plead arbitration as an affirmative defense.  (D.E. 100 at 12.)  The Mount Prospect Defendants point to their affirmative defense that "Plaintiffs' claims are barred based on arbitration and award."  (D.E. 99-1 at 10.)  GEICO responds that arbitration and award is not the proper defense to preserve the right to seek arbitration; it instead only prevents "reopening any previous arbitrations or awards."  (D.E. 100 at 12 (citing *Kisby Lees Mech. LLC v. Pinnacle Insulation, Inc.*, No. 11-CV-5093 (JBS) (AMD), 2012 WL 4442768 (D.N.J. Sept. 24, 2012)).)

Assuming GEICO is correct that the affirmative defense is improperly pled, it is not fatal to this Motion.  "[I]f a defense was not available at the time of pleading but subsequently becomes available due to an intervening change in the law, the previously unraised defense will not be treated as having been waived."  5B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1348 (4th ed. 2024); *see also Curtis Pub. Co. v. Butts*, 388 U.S. 130, 145 (1967) (declining to find party "waived 'a known right' before it was aware" of intervening decision).  As discussed above, the Mount Prospect Defendants reasonably did not know that some of their claims

---

[3] GEICO cites three cases that it states should have given the Mount Prospect Defendants notice that their claims were arbitrable.  (D.E. 100 at 9–10.)  The first one, *Gov't Emps. Ins. Co. v. Elkholy*, resulted in exactly the situation that the Mount Prospect Defendants sought to avoid—non-IFPA claims were sent to arbitration while IFPA claims remained in federal court.  No. CV 21-16255 (MAS) (DEA), 2022 WL 2373917 (D.N.J. June 30, 2022).  Neither of the other two rulings that GEICO relies on is readily available on typical legal research databases, so even if they establish what GEICO believes they do, they cannot be considered to have alerted the Mount Prospect Defendants that their IFPA claims were arbitrable.  *Allstate Fire & Casualty Ins. Co. v. Pennsauken Spine & Rehab. P.C.*, N.J. Docket No. MER-L-002288-21 (Aug. 3, 2023); *Allstate New Jersey Ins. Co. v. Carteret Comprehensive Med. Care, P.C.*, N.J. Docket No. MID-L-1469-23 (Oct. 27, 2023).  Accordingly, GEICO's cited cases do not invalidate the reasonable explanation for the Mount Prospect Defendants' delay.

[4] The instant case also differs from GEICO's cited cases in a few other ways.  Unlike the defendants in *White*, *Ambrogi*, and *Laguna*, the Mount Prospect Defendants did not move to dismiss this case before seeking arbitration.  In fact, they raised arbitration "in a motion to dismiss" as the court stated the plaintiff should have done to avoid waiver in *Tucker*. 2024 WL 1485992, at *13.  Also, unlike in *Coronel*, the Court here did not set a formal deadline for motions to compel arbitration.  2022 WL 3443985, at *5.  While the most important distinction here is the Mount Prospect Defendants' reasonable explanation for the delay, these differences further bolster that the right to seek arbitration has not been waived.

8

were arbitrable at the time of their answer. Failing to raise arbitration until after the Third Circuit's ruling thus would not be the relinquishment of a *known* right as required for waiver.

Considering, as required, all of the above "circumstances and context" unique to this case, the Mount Prospect Defendants did not intentionally relinquish a known right. *White*, 61 F.4th at 339. Initially, they reasonably understood that not all of their claims were arbitrable, and once that understanding changed, they acted consistent with an intention to seek arbitration. Accordingly, they have not waived their right to seek arbitration in this matter.

### 3. Procedural Defects

Much of the reasoning above also applies to GEICO's argument that the Motion is procedurally defective. GEICO argues that the Motion is untimely because it was made pursuant to Rules 12(b)(1) and 12(b)(6), and motions asserting defenses under those provisions must be made before a pleading. (D.E. 100 at 17.) Once again, prior proceedings in this matter undermine GEICO's position. The Hassan Defendants also moved to compel arbitration under Rules 12(b)(1) and 12(b)(6) after filing their answer, and their claims were nonetheless arbitrable. (*See* D.E. 24 (Hassan Defendants' answer); D.E. 33 (Hassan Defendants' motion to compel arbitration).) The same is true for the Mount Prospect Defendants' Motion. Their reasonable knowledge at the time of pleadings and the subsequent change in law are sufficient to overcome waiver and this procedural defect, to the extent it differs from waiver. The Mount Prospect Defendants cannot be required to have raised a defense when they knew it was unavailable. *See E.I. DuPont de Nemours & Co. v. United States*, 508 F.3d 126, 136 n.6 (3d Cir. 2007) (excusing procedural defect that claims were voluntarily dismissed and not re-pled because of intervening change in law).

GEICO also believes the Motion is improperly submitted pursuant to Rule 12(b)(1), which provides for the defense of a lack of subject-matter jurisdiction. (D.E. 100 at 17–18.) GEICO insists that Rule 12(b)(1) is inapplicable because a motion seeking arbitration is not jurisdictional. (*Id.*) In support, it cites cases holding that motions to compel arbitration should be evaluated under Rule 12(b)(6), including, ironically, one that neutralizes its own argument on this point. (*Id.* (citing *Liberty Mut. Fire Ins. Co. v. Yoder*, 112 F. App'x 826, 828 (3d Cir. 2004)).) In *Liberty Mutual*, the defendant moved for arbitration under Rule 12(b)(1). *Liberty Mut.*, 112 F. App'x at 827. The Third Circuit noted that such motions "generally" arise under Rule 12(b)(6) but nonetheless affirmed the district court's order requiring arbitration. *Id.* at 828 (quoting *Nationwide Ins. Co. of Columbus v. Patterson*, 953 F.2d 44, 45 n.1 (3d Cir. 1991)). *Liberty Mutual* establishes that reliance on Rule 12(b)(1) is not fatal to a motion to compel arbitration.

In any event, the Mount Prospect Defendants, just like the Hassan Defendants, filed their Motion under Rules 12(b)(1) *and* 12(b)(6). Including Rule 12(b)(1), while perhaps unnecessary, does not defeat the Motion. In short, GEICO's argument that the Motion is procedurally improper because it was filed under Rule 12(b)(1) is without merit.

9

**CONCLUSION**

       For the foregoing reasons, GEICO's motion to reopen this matter as to the Mount Prospect Defendants is **GRANTED IN PART** only to the extent required to compel arbitration. The Mount Prospect Defendants' Motion is **GRANTED**. An appropriate order follows.

                                                    /s/ *Susan D. Wigenton*
                                                    SUSAN D. WIGENTON, U.S.D.J.

Orig:   Clerk
cc:      Jessica S. Allen, U.S.M.J.
        Parties

10