<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

---

GOVERNMENT EMPLOYEES INSURANCE CO., GEICO INDEMNITY CO., GEICO GENERAL INSURANCE COMPANY, and GEICO CASUALTY CO.,

　　　　　　　　Plaintiffs,

v.

MOUNT PROSPECT CHIROPRACTIC CENTER, P.A., d/b/a MOUNT PROSPECT HEALTH CENTER, TERRY MCSWEENEY, D.C, HASSAN MEDICAL PAIN RELIEF AND WELLNESS CENTER, LLC, d/b/a HASSAN SPINE AND SPORTS MEDICINE and SHADY HASSAN, M.D.,

　　　　　　　　Defendants.

---

Civil Action No. 22-cv-00737 (SDW) (JSA)

**OPINION**

August 5, 2025

**WIGENTON**, District Judge.

　　Three motions are before this Court. The first is Plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company, and GEICO Casualty Co.'s (together "GEICO") motion for reconsideration (D.E. 103) of this Court's opinion and order (together "Mount Prospect Arbitration Order") (D.E. 101; D.E. 102) granting Defendants Mount Prospect Chiropractic Center, P.A. and Terry McSweeney, D.C.'s (together the "Mount Prospect Defendants") motion to compel arbitration (D.E. 99). The second is GEICO's motion to vacate (D.E. 116) this Court's order (the "Hassan Arbitration Order") (D.E. 95) granting Defendants Hassan Medical Pain Relief and Wellness Center, LLC and Shady Hassan, M.D.'s (together the "Hassan Defendants") motion to dismiss and compel arbitration (D.E. 33). The third is the Hassan

Defendants' motion to dismiss (D.E. 108) GEICO's complaint[1] with prejudice.  Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331, 1332, and 1367.  This opinion is issued without oral argument pursuant to Federal Rule of Civil Procedure ("Rule") 78.  For the reasons stated herein, GEICO's motion for reconsideration is **DENIED**; GEICO's motion to vacate is **DENIED**, and the Hassan Defendants' motion to dismiss is **DENIED WITHOUT PREJUDICE**.

## I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The parties are presumed to be familiar with this case and may refer to this Court's December 13, 2024 letter opinion (D.E. 101), the Third Circuit's April 26, 2024 opinion, *Gov't Emps. Ins. Co. v. Mount Prospect Chiropractic Ctr., P.A.*, 98 F.4th 463 (3d Cir. 2024), and former District Judge John Michael Vazquez's February 17, 2023 opinion (D.E. 56) for a more detailed summary of the factual background.  GEICO sued Defendants for allegedly submitting fraudulent charges to GEICO, claiming common law fraud, unjust enrichment, and violations of the New Jersey Insurance Fraud Prevention Act ("IFPA") and the Racketeer Influenced and Corrupt Organizations Act.  (Compl. ¶¶ 1, 471–523.)

The Hassan Defendants moved to dismiss and compel arbitration on September 21, 2022. (D.E. 33.)  That motion was initially granted as to GEICO's non-IFPA claims and denied as to the IFPA claims.  (D.E. 56; D.E. 57.)  GEICO was permitted to amend the complaint as to its non-IFPA claims.  (D.E. 56 at 14; D.E. 57 at 1.)  The Hassan Defendants appealed, requiring the Third Circuit to predict how the New Jersey Supreme Court ("Supreme Court") would rule on the arbitrability of IFPA claims, because the Supreme Court had not spoken on the issue.  *Mount*

---

[1]    The Hassan Defendants seek dismissal of GEICO's "Amended Complaint" (D.E. 108-1 ("Hassan Mot.") at 1), but the operative complaint in this matter is the original complaint (D.E. 1 ("Compl.")).  GEICO was granted leave to amend the complaint on February 17, 2023 (D.E. 57 at 1), but in light of the interlocutory appeal filed soon after, GEICO's request to file the proposed amended complaint was denied on March 10, 2023 (D.E. 68).  On April 26, 2024, the Third Circuit held that leave to amend the complaint should not have been granted.  *Gov't Emps. Ins. Co. v. Mount Prospect Chiropractic Ctr., P.A.*, 98 F.4th 463, 471–72 (3d Cir. 2024).

*Prospect*, 98 F.4th at 467.  The Third Circuit decided that the Supreme Court would likely find the claims arbitrable.  *Id.* at 469–71.  It also held that leave to amend the complaint should not have been granted and that arbitration of the non-IFPA claims should have been compelled.  *Id.* at 471–72.  Accordingly, the Hassan Defendants' motion was granted in full on May 20, 2024.  (D.E. 95.)  The Mount Prospect Defendants moved to compel arbitration on June 12, 2024.  (D.E. 99.)  Their motion was granted on December 13, 2024.  (D.E. 101; D.E. 102.)

On December 30, 2024, GEICO moved for reconsideration of the December 13, 2024 Mount Prospect Arbitration Order.  (D.E. 103.)  GEICO also filed a letter of supplemental authority on January 9, 2025.  (D.E. 104.)  The Mount Prospect Defendants opposed the motion for reconsideration on March 3, 2025.  (D.E. 118.)

On January 23, 2025, the Hassan Defendants filed a motion to dismiss GEICO's complaint with prejudice under Rule 41(b) for failure to comply with this Court's orders and to prosecute the case.  (D.E. 108.)  The same day, GEICO requested that the Court stay GEICO's obligation to arbitrate its IFPA claim against the Hassan Defendants.  (D.E. 107.)  That request was denied on February 6, 2025.  (D.E. 113.)  GEICO opposed the Hassan Defendants' motion to dismiss on March 3, 2025.  (D.E. 117.)  The Hassan Defendants replied on March 9, 2025.  (D.E. 123.)

On March 3, 2025, GEICO moved to vacate the Hassan Arbitration Order, or alternatively to dismiss the case without prejudice.  (D.E. 116.)  GEICO also requested that if the Court denied that motion, that it certify its order for an interlocutory appeal.  (D.E. 116-1 ("Vacatur Mot.") at 2, 20–24.)  The Hassan Defendants opposed on March 24, 2025.  (D.E. 124.)  GEICO replied on March 31, 2025.  (D.E. 125.)  GEICO filed letters of supplemental authority concerning both the Hassan Defendants' motion to dismiss and GEICO's motion to vacate on April 11 and June 23, 2025.  (D.E. 130; D.E. 131.)  The Hassan Defendants filed a letter of supplemental authority in

connection with the same two motions on July 20, 2025.  (D.E. 132.)  GEICO responded to that letter (D.E. 133), and the Hassan Defendants responded to that response (D.E. 134), the next day.

## II.    **LEGAL STANDARDS**

### A.  Reconsideration under Local Civil Rule 7.1

Although the Federal Rules of Civil Procedure "do not expressly authorize motions for reconsideration, Local Civil Rule 7.1(i) provides for such review." *Sch. Specialty, Inc. v. Ferrentino*, Civ. No. 14-4507, 2015 WL 4602995, at *2 (D.N.J. July 30, 2015).  The party moving for reconsideration must show "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [reached its original decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

### B.  Vacatur Under Rule 60(b) or This Court's Inherent Power

Rule 60(b) provides that, on a motion to vacate, a court may relieve a party from a final judgment because of "mistake, inadvertence, surprise, or excusable neglect," Fed. R. Civ. P. 60(b)(1), because "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable," *id.* at (b)(5), or for "any other reason that justifies relief," *id.* at (b)(6).

Separately, district courts also retain the inherent power to vacate prior interlocutory orders in a matter.  *In re Anthanassious*, 418 F. App'x 91, 95 (3d Cir. 2011).  They are to exercise that power "whenever it appears that a previous ruling … might lead to an unjust result."  *Id.* (quoting *Swietlowich v. Bucks Cnty.*, 610 F.2d 1157, 1164 (3d Cir. 1979)).  The decision to exercise the inherent power falls within the district court's discretion.  *Id.*; *In re Pharmacy Benefit Managers Antitrust Litig.*, 582 F.3d 432, 439 (3d Cir. 2009).

### C.  Dismissal under Rule 41(a)(2)

After the opposing party has answered or moved for summary judgment, and absent consent from all parties who have appeared, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  Fed. R. Civ. P. 41(a)(2).  "[T]he decision to allow voluntary dismissal is left to the sound discretion of the district court."  *Hayden v. Westfield Ins. Co.*, 586 F. App'x 835, 842 (3d Cir. 2014).  "[T]he guiding inquiry on a Rule 41(a)(2) motion is whether the defendant will be prejudiced by the dismissal."  *Pringle v. Johnson & Johnson, Inc.*, Civ. No. 17-6766, 2024 WL 3850379, at *2 (D.N.J. Aug. 16, 2024); *see also Ferguson v. Eakle*, 492 F.2d 26, 29 (3d Cir. 1974) (finding it "necessary to decide the presence or extent of any prejudice to the defendant by the draconian measure of dismissing plaintiff's complaint" when reviewing grant of voluntary dismissal).  "Chief among the factors to consider in determining whether a defendant will suffer prejudice are the extent to which litigation has progressed and the extent to which the defendant will be exposed to new litigation in another forum."  *Hayden*, 586 F. App'x at 842.  Courts also "consider[] the conduct and motivations of [the plaintiff] who is seeking the dismissal."  *Kachwalla v. Twp. of Edison*, 348 F.R.D. 215, 218 (D.N.J. 2024); *see Hayden*, 586 F. App'x at 843 (affirming denial of Rule 41(a)(2) motion filed "seventeen months after the start of litigation and six months after the close of discovery" and the "primary … reason for dismissal was to litigate against [two defendants together] in state court").

### D.  Certification for Appeal under 28 U.S.C. § 1292(b)

A district judge may certify an otherwise non-appealable order for immediate appeal if "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).  "[P]ermission to appeal is wholly

within the discretion of the courts, even if the criteria are present." *Bachowski v. Usery*, 545 F.2d 363, 368 (3d Cir. 1976).  Certification by the district court provides jurisdiction to the Court of Appeals, which may decide in its discretion to permit the appeal.  28 U.S.C. § 1292(b).  District courts certify cases sparingly under § 1292(b), as it is a "deviation from the ordinary policy of avoiding 'piecemeal appellate review of trial court decisions.'" *Kapossy v. McGraw-Hill, Inc.*, 942 F. Supp. 996, 1001 (D.N.J. 1996) (quoting *United States v. Hollywood Motor Car Co.*, 458 U.S. 263, 265 (1982)).  "The purpose of § 1292(b) is 'to permit decision of legal issues as to which there is considerable question without requiring the parties first to participate in a trial that may be unnecessary.'" *Peterson v. Imhof*, Civ. No. 13-537, 2017 WL 3438451, at *2 (quoting *Meyers v. Heffernan*, No. 12-2434, 2014 WL 7336792, at *3 (D.N.J. Dec. 22, 2014)).

### E.  Dismissal under Rule 41(b)

"If the plaintiff fails to prosecute or to comply with … a court order, a defendant may move to dismiss the action or any claim against it."  Fed. R. Civ. P. 41(b).  Ordinarily, to ensure "that a party still has [its] day in court," the court must consider the six factors set forth in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir.1984), before dismissal.  *Knoll v. City of Allentown*, 707 F.3d 406, 410 (3d Cir. 2013).  "[A] district court need not balance the <u>Poulis</u> factors before dismissing a case with prejudice when a litigant willfully refuses to prosecute after receiving an adverse ruling," however.  *R & C Oilfield Servs. LLC v. Am. Wind Transp. Grp. LLC*, 45 F.4th 655, 661 (3d Cir. 2022) (affirming district court that "dismiss[ed] the case with prejudice pursuant to Rule 41(b) following [plaintiff's] inaction for more than a year [after arbitration was ordered] and clear statement that it had no plans to pursue arbitration"); *Spain v. Gallegos*, 26 F.3d 439, 455 (3d Cir. 1994) (finding examination of *Poulis* factors unnecessary when plaintiff

"willfully refused to prosecute her remaining claims after receiving an adverse ruling by the district court").

### III.    <u>DISCUSSION</u>

One dispute is relevant to all of the pending motions: whether the Third Circuit's opinion and judgment in this matter remain binding on this Court. This dispute is based on a case decided by the New Jersey Appellate Division, an intermediate appeals court, after the Third Circuit ordered that GEICO's claims against the Hassan Defendants be arbitrated. In *Allstate N.J. Ins. Co. v. Carteret Comprehensive Med. Care, PC*, the Appellate Division held that IFPA claims are not subject to arbitration under New Jersey's Automobile Insurance Cost Reduction Act (the "AICRA"), and that because the plaintiff's ("Allstate") Decision Point Review Plans ("DPRPs") "were mandated by regulations promulgated under the AICRA" and called for arbitration "no broader than the PIP arbitration under the AICRA," the Federal Arbitration Act ("FAA") did not require their arbitration. 330 A.3d 361, 372–74 (N.J. Super. Ct. App. Div. 2025).[2] The Appellate Division expressly disagreed with the Third Circuit's prediction that the Supreme Court would find GEICO's IFPA claims arbitrable. *Id.* at 375–76. GEICO argues that *Carteret* is an intervening change in law such that the Third Circuit's opinion and judgment are no longer binding on this Court. (Vacatur Mot. at 5, 11–12, 17.) But according to Defendants, the Third Circuit's opinion and judgment in this matter remain binding on this Court despite *Carteret*. (D.E. 118 at 3; D.E. 124 at 9–14.)

District courts in this circuit have reached conflicting decisions regarding their authority to depart from Third Circuit precedent interpreting state law that has later been contradicted by intermediate state courts. Some district courts have found that they are bound "by the Third

---

[2] GEICO states that two other Appellate Division cases were decided consistent with *Carteret* in April and May 2025. (D.E. 130; D.E. 131.)

Circuit's prediction of [state] law," and that "the lower [state] courts' decisions are … irrelevant" once the Third Circuit has interpreted state law. *Heindel v. Pfizer, Inc.*, 381 F. Supp. 2d 364, 385–86 (D.N.J. 2004); *see Doe v. Trs. of the Univ. of Penn.*, 270 F. Supp. 3d 799, 829 (E.D. Pa. 2017) (quoting *Murphy v. State Farm Mut. Auto. Ins. Co.*, Civ. No. 16-2922, 2016 WL 4917597, at *5 (E.D. Pa. Sept. 15, 2016)) ("[T]he [Third Circuit] decision is binding on the district courts in the Third Circuit until either the [state] [s]upreme [c]ourt or the Third Circuit rules otherwise."); *Whitaker v. Herr Foods, Inc.*, 198 F. Supp. 3d 476, 489–90 (E.D. Pa. 2016); *McGuckin v. Allstate Fire & Cas. Ins. Co.*, 118 F. Supp. 3d 716, 720 (E.D. Pa. 2015); *DeFebo v. Andersen Windows, Inc.*, 654 F. Supp. 2d 285, 294 (E.D. Pa. 2009); *see also Reiser v. Residential Funding Corp.*, 380 F.3d 1027, 1029 (7th Cir. 2004) ("A decision by a state's supreme court terminates the authoritative force of [circuit court] decisions interpreting state law, … [b]ut decisions of intermediate state courts lack similar force; they, too, are just prognostications [and] assuredly they do not themselves liberate district judges from the force of our decisions.")

Notably, a case decided last month in this district, on this issue of arbitration of IFPA claims, and in which GEICO is also the plaintiff, mostly[3] followed this approach. *Gov't Emps. Ins. Co. v. Caring Pain Mgmt. PC*, Civ. No. 22-5017, 2025 WL 2017255, at *6 (D.N.J. July 18, 2025). The district court denied GEICO's request to vacate an arbitration order based on its conclusion that *Carteret* was not an intervening change in law, "and, as such, th[e] Court's obligation to follow the Third Circuit's mandate [was] still intact." *Id.* at *5.

---

[3]     The case left open the possibility that an intermediate state court decision could be sufficiently final authority on state law "to be deemed an intervening change in the law necessary for disregarding a circuit mandate" absent a ruling by the state's highest court. *Gov't Emps. Ins. Co. v. Caring Pain Mgmt. PC*, Civ. No. 22-5017, 2025 WL 2017255, at *6 (D.N.J. July 18, 2025) (emphasis added) (indicating that district courts must follow Third Circuit precedent "until a proper intervening change in the law has occurred, *i.e.*, the New Jersey Supreme Court rules otherwise, *a New Jersey Appellate Division decision is appropriately the final ruling on state law*, or the Third Circuit overrules itself"). It determined that *Carteret* lacked that finality, however. *Id.*

Other district courts in this circuit, however, have decided that they "are not bound by a court of appeals' prediction when intermediate state appellate courts indicate that the prediction was wrong." *Lovelace v. Nationwide Mut. Ins. Co.*, Civ. No. 18-2701, 2018 WL 3818911, at *3 (E.D. Pa. Aug. 10, 2018); *see McDonough v. State Farm Fire & Cas. Co.*, 365 F. Supp. 3d 552, 561 (E.D. Pa. 2019); *Catena v. NVR, Inc.*, Civ. No. 20-160, 2020 WL 3412348, at *6–7 (W.D. Pa. June 22, 2020); *Kerr v. State Farm Mut. Auto. Ins. Co.*, Civ. No. 18-309, 2018 WL 5809989, at *4–5 (W.D. Pa. Nov. 6, 2018).[4]   Even in those cases, intermediate state court decisions are only persuasive, not binding, authorities.  *See, e.g.*, *Catena*, 2020 WL 3412348, at *6; *Kerr*, 2018 WL 5809989, at *4; *see also In re Makowka*, 754 F.3d 143, 148 (3d Cir. 2014); *Robinson v. Jiffy Exec. Limousine Co.*, 4 F.3d 237, 242 (3d Cir. 1993) ("Decisions of state intermediate appellate courts which have not been reviewed by the highest court of the state, while not dispositive, are evidence of state law.").

---

[4]      GEICO also relies on *Kantor v. Hiko Energy, LLC*, 100 F. Supp. 3d 421, 427 (E.D. Pa. 2015), *Sosso v. ESB Bank*, Civ. No. 16-367, 2016 WL 3855031, at *7 (W.D. Pa. July 15, 2016), *Robinson v. Kia Motors Am., Inc.*, Civ. No. 13-006, 2015 WL 5334739, at *8 (D.N.J. Sept. 11, 2015), and *Roberts v. NVR, Inc.*, Civ. No. 15-489, 2015 WL 3745178, at *5 (W.D. Pa. June 15, 2015) to support the proposition that district courts need not follow Third Circuit precedent contradicted by intervening intermediate state court decisions.  (*See* Vacatur Mot. at 11; D.E. 125 at 4–5.) Those cases all rely on *Aceto v. Zurich Insurance Co.*, which held that a Pennsylvania Supreme Court decision, not an intermediate state court decision, was the "final authority" on a question of Pennsylvania law, despite its conflict with a prior Third Circuit decision.  440 F.2d 1320, 1321 (3d Cir. 1971).

*Aceto* did not address the effect of intermediate state court cases on the binding nature of a Court of Appeals decision.  It appears to be erroneously cited for the proposition above, however, because it included the sentence "No one may properly rely upon what we [(The Third Circuit)] have held as more than persuasive on a question of Pennsylvania law so long as the Pennsylvania Supreme Court has not ruled upon that legal question." *Id.* at 1322. That sentence was to address the losing party's argument that it relied on the Third Circuit case because the Pennsylvania Supreme Court had not spoken on the issue at the time of the accident giving rise to the litigation. *Id.* at 1321–22.  It does not change that a district court, before the Pennsylvania Supreme Court ruled, would have been bound by the Third Circuit's interpretation of Pennsylvania law, and it certainly has no bearing on the effect that intermediate state court decisions would have on the binding nature of a Third Circuit decision on a district court.

This Court adopts the first approach for a few reasons.  First, at least one court in this district has followed it, *Heindel*, 381 F. Supp. 2d at 385–86; *see also Caring Pain*, 2025 WL 2017255, at *6, while GEICO's only cited cases from this district are inapposite or unreliable.[5]

Second, some cases adopting the second approach appear to rely on the Third Circuit's assessment of its own, not the district courts', ability to depart from Third Circuit precedent.  *See McDonough*, 365 F. Supp. 3d at 561; *Catena*, 2020 WL 3412348, at *6 (emphasis added) (quoting *Jiffy Exec.*, 4 F.3d at 239–40) ("The Third Circuit has noted that, 'when *we* are applying state law and there is persuasive evidence that it has undergone a change, *we* are not bound by our previous panel decision if it reflected our reliance on state law prior to its modification.'"); *Kerr*, 2018 WL 5809989, at *4 (same).  Even if the Third Circuit can depart from its own precedent based on persuasive authority as to the meaning of state law, it does not follow that district courts can.  Third Circuit precedent is binding on district courts in the circuit, and decisions by intermediate state courts are not.  *See Makowka*, 754 F.3d at 148; *Jiffy Exec.*, 4 F.3d at 242.  This should not change just because an intermediate state decision is subsequent and contrary to a Third Circuit one—

---

[5]    GEICO's cited District of New Jersey cases are *Kia Motors*, 2015 WL 5334739, at *8, *Pagan v. Rivera*, Civ. No. 19-7176, 2021 WL 5881632, at *7 (D.N.J. Dec. 10, 2021), and *Jiffy Exec.*, 4 F.3d 239–40 (affirming decision by District of New Jersey court).  (*See* Vacatur Mot. at 11–12, 22.)

*Kia Motors* erroneously relies on *Aceto*.  *See supra* n.4.

*Pagan* did not involve a conflict between a circuit court decision and an intermediate state court decision.  2021 WL 5881632.  A district court decision depended on a state court decision to allow the plaintiff to file a late notice of claim, and that state decision was later reversed by an intermediate state court.  *Id.* at *2.  The district court considered that an intervening change in law and granted reconsideration.  *Id.* at *3.

*Jiffy Executive* affirmed a district court that had relied on two intervening intermediate state court cases to conclude that following an earlier Third Circuit decision was "no longer reasonable."  4 F.3d at 241.  The district court had also, however, "found ample alternative reason to distinguish" the case before it from the prior Third Circuit case.  *Id.*  On that basis, regardless of the intermediate state court decisions, the district court would not have been bound by the Third Circuit case.  *Jiffy Executive*'s main discussion of the authority of intermediate state court decisions is in the context of whether they are binding on the *Third Circuit*, not on the district court.  *Id.* at 242.

district courts are not free to overturn circuit precedent because they expect the Court of Appeals would decide differently if asked again.

Finally, the relevant Third Circuit precedent here is not just a decision predicting how the New Jersey Supreme Court would interpret state law relevant to this case. It, along with a judgment "to be treated in all respects as a mandate," was issued in this very matter. (D.E. 93-1 at 1.) The district courts adopting the second approach were not under a Third Circuit mandate regarding the specific cases they were deciding, as this Court is. A district court "has no power or authority to deviate from [a] mandate issued by [the Third Circuit]." *Gov't Emps. Ins. Co. v. Elkholy*, Civ. No. 21-16255, 2024 WL 5202550, at *7 (D.N.J. Dec. 23, 2024) (second alteration in original) (quoting *United States v. Kennedy*, 682 F.3d 244, 252 (3d Cir. 2012)). The mandate from which this Court may not deviate is based on the Third Circuit's interpretation of New Jersey law. Departing from that interpretation would be futile as long as the Third Circuit's mandate remains binding on this Court. Put differently, even if the second approach allows district courts to disregard the Third Circuit's *opinion* predicting how the New Jersey Supreme Court would rule on an issue of New Jersey law, it would not be a basis for *this Court* to violate the Third Circuit's judgment that "[t]he District Court shall compel the appellees' claims to be arbitrated." (D.E. 93 at 1–2.) For all of these reasons, this Court remains bound by the Third Circuit's opinion and judgment ordering arbitration of GEICO's claims against the Hassan Defendants.

### A. GEICO's Motion for Reconsideration

GEICO requests reconsideration of the Mount Prospect Arbitration Order. (D.E. 103-1 ("Reconsideration Mot.") at 1.) When GEICO filed its motion for reconsideration on December 30, 2024, *Carteret* had not been decided. In the motion, however, GEICO relied on the fact that two New Jersey agencies, the New Jersey Department of Banking and Insurance and the New

Jersey Attorney General's Office of the Insurance Fraud Prosecutor, had filed an amicus brief and participated in oral argument in *Carteret*. (*Id.* at 2.) According to GEICO, because courts typically defer to New Jersey agencies on the interpretation of statutes that those agencies administer, the agencies' amicus brief and oral argument made it very likely that the Appellate Division would hold that IFPA claims were not arbitrable. (*Id.* at 4–5.) If that happened, GEICO argued, then "the Appellate Division's decision w[ould] be accorded significant weight by federal courts adjudicating the same issue." (*Id.* at 5.)

*Carteret* was decided on January 9, 2025, and GEICO submitted a letter of supplemental authority the same day (D.E. 104). It stated that *Carteret* had been decided as GEICO expected and should be "accorded significant weight" in connection with the motion for reconsideration. (*Id.* at 2 (arguing that *Carteret* is highly persuasive because the New Jersey Supreme Court can be expected to rule in the same way).)

GEICO has failed to meet the standard for reconsideration. As an initial matter, the "new evidence" identified in the motion itself is an amicus brief dated July 25, 2024 and oral arguments that occurred on December 5, 2024. (Reconsideration Mot. at 6.) Both precede the December 13, 2024 Mount Prospect Arbitration Order of which GEICO seeks reconsideration. (D.E. 101; D.E. 102.) GEICO states that this evidence "was unavailable … when the parties *briefed* the Mount Prospect Defendants' motion to compel arbitration," (Reconsideration Mot. at 4 (emphasis added)), but it offers no explanation as to why it did not file a letter of supplemental authority when the evidence became available. GEICO's three letters of supplemental authority so far in this matter demonstrate that it is certainly aware of that option. (D.E. 104; D.E. 130; D.E. 131.) Because GEICO failed to present "new evidence that was not available *when the court issued its order*," its motion for reconsideration as filed is insufficient. *Gibson v. State Farm Mut. Auto. Ins.*

*Co.*, 994 F.3d 182, 190 (3d Cir. 2021) (emphasis added).[6]  Even as decided on January 9, 2025, *Carteret* does not warrant reconsideration of the Mount Prospect Arbitration Order, as this Court remains bound by the Third Circuit's decision.  *See supra* pp. 10–11.

### B.  GEICO's Motion to Vacate

GEICO also moves for an order vacating the Hassan Arbitration Order pursuant to Rule 60(b) or this Court's inherent power.  (Vacatur Mot. at 1.)  In the alternative, GEICO seeks an order under Rule 41(a)(2) dismissing this action without prejudice so that it may be refiled in state court.  (*Id.*)  Finally, "[t]o the extent that the Court denies this motion," GEICO requests a certification pursuant to 28 U.S.C. § 1292(b) permitting an interlocutory appeal.  (*Id.* at 2.)

### 1.  Vacatur under Rule 60(b) or This Court's Inherent Power

Rule 60(b) cannot be a basis for vacating the Hassan Arbitration Order.  It provides grounds for relief from only a "*final* judgment, order, or proceeding."  Fed. R. Civ. P. 60(b) (emphasis added).  An order granting a motion to compel arbitration is not a final order.  *Caring Pain*, 2025 WL 2017255, at *4; *Laibow v. Menashe*, Civ. No. 19-4549, 2020 WL 6305510, at *1 (D.N.J. Oct. 28, 2020); 9 U.S.C. § 16(b) ("Except as otherwise provided in section 1292(b) of title 28, an appeal may not be taken from an interlocutory order … (2) directing arbitration to proceed under section 4 of this title; (3) compelling arbitration under section 206 of this title.").

GEICO also seeks vacatur pursuant to this Court's inherent power, however.  (Vacatur Mot. at 1; D.E. 125 at 2–3.)  GEICO's briefing on this power is extremely sparse, and this Court finds no reason to exercise it here.  As explained above, the Third Circuit's holding that IFPA

---

[6]    GEICO also argued that reconsideration was necessary to correct a clear error of law and prevent manifest injustice, but both arguments were also based on the amicus brief and oral arguments in *Carteret*.  (Reconsideration Mot. at 6–7.)  An Appellate Division case does not render the Mount Prospect Arbitration Order, which relied on a binding Third Circuit opinion in this matter, an error of law.  (D.E. 101 at 4 (citing D.E. 93-2).)  And for the same reasons that it is not unjust to maintain the Hassan Arbitration Order, explained below, it is not unjust to maintain the Mount Prospect Arbitration Order after *Carteret*.  *See infra* pp. 14–15.

claims are arbitrable, and its mandate that this matter be sent to arbitration, remain binding on this Court.  GEICO's arguments that maintaining the Hassan Arbitration Order is detrimental to the public interest and inequitable are insufficient to overcome the mandate.  *See Caring Pain*, 2025 WL 2017255, at *7 (rejecting arguments that upholding the compelled arbitration "would be detrimental to the public interest" and "create an undue hardship as [GEICO] would be prevented from litigating the IFPA claim in a viable forum").

Requiring arbitration of GEICO's claims is not detrimental to the public interest.  GEICO argues that *Carteret* was decided to ensure that state authorities could pursue collection of civil penalties in IFPA matters and to support insurers' and the state's abilities to fight insurance fraud. (Vacatur Mot. at 12–13.)  Even under *Carteret*, however, arbitration does not necessarily prevent state authorities from intervening in IFPA matters.  330 A.3d at 372 ("[I]f the Commissioner seeks to join in a fraud claim action … it is unclear whether PIP arbitration rules would allow him or her to do so.").  Arbitration also does not necessarily impede the fight against insurance fraud.  *See Mount Prospect*, 98 F.4th at 468–69 (citing *Shearson/Am. Express, Inc. v. McMahon*, 482 U.S. 220, 239–42 (1987); *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 636–37 (1985)).

GEICO also argues that it is inequitable to let the Hassan Arbitration Order stand because GEICO will be left with "no viable forum for the adjudication of [its] otherwise well-pleaded IFPA claim."  (Vacatur Mot. at 13.)  GEICO misinterprets *Carteret* as leaving it "unjustly trapped in limbo" with no forum in which to assert its claim.  (*Id.* at 15.)  *Carteret* did not hold that IFPA claims are categorically inarbitrable.  It held that they "do not fall within the ambit of PIP arbitration under the AICRA," and that because *Allstate*'s DPRPs "were mandated by regulations promulgated under the AICRA" and called for arbitration "no broader than the PIP arbitration

under the AICRA," the FAA did not require their arbitration.  330 A.3d at 372–74.  While the Appellate Division indicated that it would make the same finding regarding GEICO's DPRPs, it necessarily did so in dicta—GEICO's DPRP was not before the court in *Carteret*, and the court did not analyze it specifically, as it did with Allstate's.  *Id.* at 375–76.  Even under *Carteret*, "private parties can negotiate arbitration agreements and waive their right to a jury trial, including for statutory claims."  *Id.* at 374.  The Third Circuit found that GEICO's DPRP and assignment of benefits form did just that, and that they were a valid basis, independent of the AICRA, for compelling arbitration.  *Mount Prospect*, 98 F.4th at 470–71.  *Carteret* did not engender an order to which GEICO is subject; nor did it hold that IFPA claims may never be arbitrated.  As such, maintaining the Hassan Arbitration Order is not inequitable to GEICO.

## 2.  Dismissal under Rule 41(a)(2)

Alternatively, GEICO seeks to dismiss this matter without prejudice under Rule 41(a)(2) so it can be refiled in state court.  (Vacatur Mot. at 18.)  "To permit Plaintiffs to now dismiss their Arbitrable Claim[s] after the Third Circuit directed this Court to compel arbitration of th[ose] claim[s] would be in direct conflict with the Third Circuit's mandate."  *Elkholy*, 2024 WL 5202550, at *7 (denying request to dismiss); *see Caring Pain*, 2025 WL 2017255, at *8.  This Court lacks such authority.  *Elkholy*, 2024 WL 5202550, at *7 (citing *United States v. Kennedy*, 682 F.3d 244, 252 (3d Cir. 2012)).

The FAA also "overrides any discretion a district court might otherwise have had to dismiss a suit when the parties have agreed to arbitration."  *Caring Pain*, 2025 WL 2017255, at *8 (quoting *Smith v. Spizzirri*, 601 U.S. 472, 476–77 (2024)).  The Third Circuit found such an agreement here. *Mount Prospect*, 98 F.4th at 470–71.  GEICO argues that even under *Spizzirri*, "courts are not barred from dismissing a suit if there is a separate reason to dismiss, unrelated to the fact that an

15

issue in the case is subject to arbitration." (D.E. 125 at 10.) Even if that is true, it is of no moment here—GEICO seeks to dismiss the case precisely because it is subject to arbitration. Vacatur Mot. at 1, 19; *see Caring Pain*, 2025 WL 2017255, at *8 ("[I]t is evident Plaintiffs are arguing against arbitration given the extensive briefing on *Carteret* … and their statements claiming arbitration now cannot happen.").[7]

GEICO, in its reply brief only, also requests that this Court hold this motion in abeyance and administratively terminate this action until the Supreme Court decides an appeal of *Carteret*. (D.E. 125 at 11.) GEICO has already made this request once, and it was denied. (D.E. 107; D.E. 113.) This Court's stance has not changed. For all of the reasons above, and because GEICO only requested this relief in its reply brief, this Court declines this request. *See Caring Pain*, 2025 WL 2017255, at *10 (citing *Tormasi v. Lanigan*, 363 F. Supp. 3d 525, 540 n.7 (D.N.J. 2019)).

### 3. Certification for Appeal under 28 U.S.C. § 1292(b)

GEICO requests certification for interlocutory appeal of any order denying its motion for vacatur. (Vacatur Mot. at 20.) It offers three controlling questions of law as potential bases for certification: (1) whether after *Carteret*, "the Third Circuit's mandate to compel arbitration … remains binding," (2) "whether IFPA claims are inarbitrable as a matter of New Jersey law," and (3) "whether the extraordinary circumstances presented by this case are sufficient to obtain Rule 60(b) relief or an order dismissing this action without prejudice." (*Id.*)

Neither the second nor third question is subject to substantial grounds for difference of opinion. As to the second, as explained above, *Carteret* did not hold that IFPA claims are

---

[7]    Even absent the Third Circuit mandate, dismissal would be inappropriate. GEICO initiated this case over three years ago (D.E. 1), and Defendants have undergone substantial discovery (*see, e.g.*, D.E. 51; D.E. 79), litigated multiple motions (*see, e.g.*, D.E. 56; D.E. 101), and appealed to the Third Circuit (D.E. 93). Mooting all of that progress would be prejudicial to Defendants, especially because GEICO seeks dismissal so that it can refile in state court. Vacatur Mot. at 18; *see Caring Pain*, 2025 WL 2017255, at *9 (finding in similar circumstances that "the prejudice Defendants would face goes beyond the mere prospect of a second lawsuit").

inarbitrable as a matter of New Jersey law.  *See supra* pp. 14–15.  Non-binding intervening cases like *Carteret* also "do[] not create a substantial ground for difference of opinion," *Guidotti v. Legal Helpers Debt Resol., L.L.C.*, Civ. No. 11-1219, 2017 WL 89556, at *2 (D.N.J. Jan. 9, 2017).  The Third Circuit has clearly spoken on this issue.  Its opinion is binding on this Court, and the Appellate Division's is not.  Even if the Appellate Division and the Third Circuit disagree on the arbitrability of IFPA claims, there is no confusion as to the law that must be applied on the issue in *this Court*.

As to the third question, it is clear that vacatur under Rule 60(b) is improper because the Hassan Arbitration Order is not a final order, *see supra* p. 13, and dismissal would be improper because of the Third Circuit mandate, the FAA, the investment Defendants have already made in this case, and GEICO's clear motivation to avoid arbitration, *see supra* pp. 15–16.  Vacatur and dismissal are also subject to this Court's discretion, so room for difference of opinion is a less compelling reason to certify than it would be on the application of a more rigid rule.

The question of whether *Carteret* affects the binding nature of the Third Circuit's opinion and judgment on this Court is a closer one.  *Brouillette v. CitiMortgage, Inc.*, Civ. No. 23-4304, 2025 WL 19995, at *2 (D.N.J. Jan. 2, 2025) (alteration in original) (quoting *In re Chocolate Confectionary Antitrust Litig.*, 607 F. Supp. 2d 701, 706 (M.D. Pa. 2009)) ("'[C]onflicting judicial opinions' may demonstrate a substantial ground for difference of opinion, 'as does a lack of binding precedent.'").  As explained above, many district courts have found that they "are not bound by a court of appeals' prediction when intermediate state appellate courts indicate that the prediction was wrong."  *Lovelace*, 2018 WL 3818911, at *3; *see McDonough*, 365 F. Supp. 3d at 561; *Catena*, 2020 WL 3412348, at *6–7; *Kerr*, 2018 WL 5809989, at *4–5.

Certifying this question for appeal would not necessarily advance the ultimate termination of the litigation, however. If GEICO prevailed on an interlocutory appeal of this question, this Court would not be bound by the Third Circuit opinion in this matter, but it would also not be bound by *Carteret*. *Makowka*, 754 F.3d at 148. The best result GEICO could achieve would be that this Court could consider *Carteret* as persuasive authority. The same would be true for the Third Circuit in any subsequent appeal. *Id.* GEICO is confident that the Third Circuit would overrule the precedential ruling that it already made in this matter (Vacatur Mot. at 5–6), but even if the Third Circuit can overrule its prior decision, it is not bound to, *Jiffy Exec.*, 4 F.3d at 239–40 (revisiting prior panel decision on meaning of New Jersey law because of two intervening "appellate decisions of the New Jersey courts" despite "tradition that reported panel decisions are binding on subsequent panels").

Because *Carteret* would only ever be persuasive authority, GEICO's success on interlocutory appeal would not necessarily change the current status of this matter. How and when the New Jersey Supreme Court will rule remain unknown, and certifying an appeal before that decision, which may alter the course of this litigation, will not reliably expedite a resolution. Neither Appellate Division cases, nor GEICO's prediction that the New Jersey Supreme Court will affirm them, are strong enough indicators that the course of this litigation would be materially expedited by certification to warrant the exercise of discretion in favor thereof.[8]

---

[8]     This Court understands GEICO's confusion as to its obligation to arbitrate. The legal landscape is changing with respect to IFPA and related claims and arbitration. As explained in this opinion, however, the Third Circuit has issued a precedential opinion and judgment ordering this Court to compel arbitration of GEICO's claims. (D.E. 93.) Until such time as the Third Circuit vacates, reverses, or otherwise alters its opinion and judgment, this Court remains bound by them. GEICO similarly remains bound by this Court's Hassan Arbitration Order.

### C.  The Hassan Defendants' Motion to Dismiss

Pursuant to the Third Circuit judgment, this Court ordered that GEICO's claims against the Hassan Defendants proceed to arbitration on May 20, 2024.  (D.E. 95.)  Over a year has passed, and GEICO not only has not initiated arbitration, but continues to argue that it should not.  The Hassan Defendants state that GEICO's failure to prosecute the case and follow court orders merits dismissal with prejudice.  (Hassan Mot. at 1.)

In opposition, GEICO rehashes the arguments it made in support of vacating the Hassan Arbitration Order.  It argues that it cannot proceed with arbitration because of *Carteret* (D.E. 117 at 2, 9) and that the Third Circuit's opinion and judgment in this case are no longer binding on this Court (*id.* at 7–8).[9]  This opinion has already explained why these arguments lack merit.  *See supra* pp. 10–11 (explaining why Third Circuit opinion and judgment remain binding), 14–15 (explaining why *Carteret* does not prevent GEICO from arbitrating).

GEICO remains under an active order to arbitrate all of its claims against the Hassan Defendants.[10]  (D.E. 95.)  GEICO's asserted basis for its refusal to arbitrate, *Carteret*, does not invalidate that order.  GEICO also offers no reason for failing to initiate arbitration during the

---

[9]    In doing so, GEICO egregiously misrepresents that a Third Circuit case contains language that it does not. (*Id.* at 8 (citing *Aceto*, 440 F.2d at 1322).)

[10]    GEICO contends that only its IFPA claims have actually been compelled to arbitration. (D.E. 117 at 14.)  It states that the initial decision on the Hassan Defendants' motion to dismiss and compel arbitration "dismissed [the non-IFPA] claims without prejudice, holding that they were arbitrable," but did not compel their arbitration.  (*Id.*)  Even though the opinion indicated that "the Court treat[ed] the motion as a motion to compel arbitration," (D.E. 56 at 6), the order allowed GEICO leave to amend its complaint as to the non-IFPA claims, on which it granted dismissal. (D.E. 57 at 1.)  The order therefore cannot be definitively said to have ordered arbitration of the non-IFPA claims.

The Third Circuit, however, decided that leave to amend was granted in error because "[w]hen a movant sufficiently establishes that a claim is subject to a valid arbitration agreement," as the Hassan Defendants had on their non-IFPA claims (D.E. 56 at 14), "district courts have no discretion and must send it to arbitration."  *Mount Prospect*, 98 F.4th at 472.  The Third Circuit ordered this Court to "compel the appellees' claims to be arbitrated."  (D.E. 93 at 1–2.)  Pursuant to that order, this Court issued the Hassan Arbitration Order, which granted the Hassan Defendants' motion to dismiss and compel arbitration in full and clearly contemplated arbitration.  (D.E. 95 ("The parties may … reinstate the matter … after the conclusion of the arbitration.").)  Accordingly, the Hassan Arbitration Order compels GEICO to arbitrate all of its claims, both IFPA and non-IFPA, against the Hassan Defendants.

19

period of over seven months between entry of the Hassan Arbitration Order and the *Carteret* decision. Here, as in *R & C Oilfield*, a litigant is "willfully refus[ing] to prosecute after receiving an adverse ruling," 45 F.4th at 661,[11] and dismissal is warranted. If GEICO continues to refuse to comply with court orders, dismissal would not be "manifestly unjust, inequitable, and prejudicial to Plaintiffs' right to proceed" on their claims. (D.E. 117 at 1.) GEICO availed itself of the courts by filing this action, and it cannot choose to exempt itself from properly entered court orders. *GCIU Emp. Ret. Fund v. Chicago Trib. Co.*, 8 F.3d 1195, 1198 (7th Cir. 1993) ("Once a party invokes the judicial system by filing a lawsuit, it must abide by the rules of the court ….").

Also in its opposition, GEICO requests that this Court "defer any consideration of the Hassan Defendants' motion to dismiss until … the New Jersey Supreme Court rules on the defendant-appellants' certification petition in <u>Carteret</u>." (D.E. 117 at 7; *see also* D.E. 133 at 2.) This is now GEICO's third request for such a stay. (*See* D.E. 107; D.E. 125 at 11.) It is denied. (D.E. 113; *see supra* p. 16.)

To the extent this opinion clarifies for GEICO that it remains controlled by both arbitration orders in this matter, and that *Carteret* has no bearing on the binding nature of the Third Circuit's opinion and judgment, GEICO will be allowed forty-five days to schedule arbitration. The Hassan Defendants' motion to dismiss will therefore be denied without prejudice. If after forty-five days GEICO has not allowed for the scheduling of arbitration, the Hassan Defendants will be permitted to renew the motion.

---

[11]    For this reason, this Court need not consider the *Poulis* factors. *Id.* Even if it did, many of them, including "the extent of the party's personal responsibility," "prejudice to the adversary," "history of dilatoriness," and "meritoriousness of the claim or defense," *Poulis*, 747 F.2d at 868 (emphasis omitted), would weigh in the Hassan Defendants' favor. GEICO is unilaterally responsible for the delay in beginning arbitration, and the Hassan Defendants have invested significantly in this case. GEICO's history of dilatoriness extends over a year, including over seven months before *Carteret* was even decided. GEICO's stated reason for refusing to arbitrate is also meritless, as controlling law holds that its claims must be arbitrated.

IV.    <u>**CONCLUSION**</u>

For the reasons set forth above, GEICO's motions for reconsideration and for vacatur are

**DENIED**, and the Hassan Defendants' motion to dismiss is **DENIED WITHOUT PREJUDICE**.

If GEICO fails to allow for scheduling of arbitration within forty-five days, the Hassan Defendants

will be permitted to renew the motion.


                                        /s/ *Susan D. Wigenton*
                                        **SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk
cc:     Jessica S. Allen, U.S.M.J.
        Parties